# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF GEORGIA

### MACON DIVISION

**JARVIS AUGUSTUS WARE,**
  Plaintiff,

v.

**WARDEN MICHAEL THOMAS;**
**COMMISSIONER TYRONE OLIVER;**
**FORMER COMMISSIONER TIMOTHY C. WARD;**
**DR. SHARON LEWIS,** GDC Statewide Medical Director;
**DR. ROBERT BRADFORD,** Medical Provider, Autry/Wilcox SP;
**DR. MARK WOODS,** Medical Provider, Autry State Prison;
**JENNIFER AMMONS,** General Counsel, GDC;
**JOHN AND JANE DOES 1-10,** Unknown GDC Officials,
  Defendants.

---

Case No. WARE v. THOMAS MACON CASE NO. 5:26-CV-00119

## FIRST AMENDED CIVIL RIGHTS COMPLAINT

## PURSUANT TO 42 U.S.C. § 1983

## WITH EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

## AND PRELIMINARY INJUNCTION

## CONTINUING VIOLATION -- AUTRY STATE PRISON AND WILCOX STATE

## PRISON

## JURY TRIAL DEMANDED

---

## <u>PRELIMINARY STATEMENT</u>

- 1 -

This First Amended Complaint expands the original complaint to include the predicate constitutional violations that began at Autry State Prison in Pelham, Georgia and formed the origin of the unbroken chain of deliberate indifference that has culminated in Plaintiff's hospitalization for Legionella pneumophila bacterial infection at Wilcox State Prison. The man who brings this action is seventy-six years old. He has survived poverty and hardship. He expected, in the final chapter of his life, to be treated with at least the minimum dignity the Constitution demands. Instead, Jarvis Augustus Ware has been systematically denied diagnosis, lied to by state officials, and left to drink, bathe in, and breathe the aerosolized mist of water poisoned with a potentially fatal bacterium -- at two separate Georgia state prisons in succession.

The State of Georgia knew about this contamination at Autry. It covered it up in writing, on official state letterhead, under the name of its own Commissioner. It transferred the same inmate population -- including 76-year-old Jarvis Ware -- to Wilcox without testing, without treatment, and without any remediation of the known exposure. It then confirmed contamination at Wilcox in official written notices. Plaintiff was hospitalized. He remains in the contaminated facility. This is a documented pattern of deliberate institutional indifference that the Eighth Amendment does not permit.

## I.  JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983, the Eighth Amendment, and the Fourteenth Amendment. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Macon Division of the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b). The primary events giving rise to this action occurred at Wilcox State Prison in

Abbeville, Wilcox County, Georgia. This amendment asserts a continuing violation originating at Autry State Prison in Pelham, Mitchell County, Georgia, which also falls within the Middle District of Georgia.

3. All Defendants acted at all relevant times under color of state law within the meaning of 42 U.S.C. § 1983.

## II.  PARTIES

### A.  Plaintiff

4. Jarvis Augustus Ware is a seventy-six (76) year old incarcerated person in the custody of the Georgia Department of Corrections, housed at Wilcox State Prison, P.O. Box 397, Abbeville, Georgia 31001. Mr. Ware is among the most medically vulnerable categories of individuals in American prisons: an elderly man whose advanced age alone places him in the highest-risk category for fatal outcomes from Legionella pneumophila infection, according to the Centers for Disease Control and Prevention, the Georgia Department of Public Health, and Wilcox State Prison's own official notices.

### B.  Defendants

5. **Defendant Michael Thomas** is the current Warden of Wilcox State Prison. He is sued in both his official capacity for prospective injunctive relief and his individual capacity for damages. As Warden, Defendant Thomas has direct supervisory authority over all conditions of confinement at Wilcox State Prison. He has been personally present during the ongoing contamination crisis and has personally authorized retaliatory actions against incarcerated individuals who

- 3 -

complained about the contaminated water, including the unlawful withholding of food from Dorm D3.

6. **Defendant Tyrone Oliver** is the current Commissioner of the Georgia Department of Corrections. He is sued in his official capacity for prospective injunctive relief. As Commissioner, Defendant Oliver bears ultimate institutional responsibility for the health, safety, and welfare of all persons incarcerated in GDC facilities. The ongoing contamination at Wilcox State Prison -- confirmed in official written notices -- constitutes information that, through standard institutional reporting protocols, would be communicated to and reviewed by the Commissioner, placing him on actual notice of the ongoing constitutional violations.

6A. **Defendant Timothy C. Ward** served as Commissioner of the Georgia Department of Corrections at the time of the Autry State Prison contamination, the denial of Plaintiff's diagnostic testing, and the Central Office cover-up described herein. On November 30, 2022, the GDC Central Office issued Grievance Appeal Response No. 344829 to Plaintiff Ware on official GDC letterhead bearing Defendant Ward's name and the official seal of the State of Georgia. That response falsely stated there was no Legionella outbreak at Autry -- one month after GDC had publicly confirmed otherwise. Ward bears direct supervisory liability for the institutional misrepresentation made in his name and from his office. He is sued in his individual capacity for damages arising from the Autry period violations.

7. **Defendant Dr. Sharon Lewis** is the GDC Statewide Medical Director. She is sued in her official capacity for prospective injunctive relief. She is responsible for the systemic delivery of medical care throughout the GDC. The diagnosis and treatment of Legionnaires' disease within

- 4 -

any state prison constitutes a reportable health event that would, as a matter of law and standard medical protocol, be brought to her attention.

8. **Defendant Dr. Robert Bradford** is a medical provider (N.P.) who was employed at Autry State Prison throughout the entire period of Legionella contamination at issue, and was transferred to Wilcox State Prison along with the inmate population when Autry was shut down due to the contamination. He is sued in his individual capacity. As the Autry medical provider, he served Plaintiff and the inmate population during the contamination period. He is now the Wilcox medical provider serving the same population. He treated fellow prisoner Mario Sullivan for repeated Legionella infections at Wilcox, prescribing antibiotics, while failing to address the environmental source of contamination and failing to provide adequate medical evaluation to other vulnerable incarcerated persons, including Mr. Ware.

9. **Defendant Dr. Mark Woods** is a medical provider who served at Autry State Prison during the contamination period. He is sued in his individual capacity. On October 22, 2022, Dr. Woods personally and specifically denied Plaintiff Ware's documented request for Legionella diagnostic testing, despite the publicly confirmed presence of Legionella at Autry and Plaintiff's presentation of Legionella-consistent symptoms. This personal denial of diagnosis to a known high-risk individual constitutes deliberate indifference to a serious medical need under the Eighth Amendment.

10. **Defendant Jennifer Ammons** is the General Counsel for the GDC. She is sued in her official capacity for prospective injunctive relief. She is responsible for addressing systemic legal violations and liability within the GDC. The official admission of a hazardous condition causing

disease within a state prison facility is information that, as a matter of standard institutional practice, would be reported to and reviewed by legal counsel.

11. **John and Jane Does 1-10** include specifically the individual identified in official GDC correspondence as '(RK),' Commissioner's Designee, SW Region, Office of Professional Standards, who on November 30, 2022 signed Central Office Appeal Response Grievance No. 344829 to Plaintiff Ware, falsely stating that 'there is no outbreak of Legionella at the facility' -- one month after GDC's own public announcement confirmed the outbreak. The full legal name of '(RK)' is within GDC's personnel records and will be sought through discovery and through an Open Records Act request pursuant to O.C.G.A. § 50-18-70. Upon identification, this individual will be named as a defendant in his or her individual capacity for the deliberate misrepresentation made in the Commissioner's name.

### III.   STATEMENT OF FACTS

#### A.   The Autry State Prison Contamination -- Origin of the Continuing Violation

12. Autry State Prison in Pelham, Georgia is a Georgia Department of Corrections facility. At all times relevant to this complaint, Plaintiff Jarvis Ware was incarcerated at Autry State Prison.

13. In July 2018, an Autry State Prison inmate was hospitalized at Phoebe Memorial Hospital in Albany, Georgia for Legionella pneumophila infection and associated liver damage. This hospitalization constituted a reportable communicable disease event that, under standard GDC institutional protocols, required mandatory internal incident reports communicated to supervisory officials responsible for Autry State Prison.

14. In June 2021, a second Autry State Prison inmate tested positive for Legionella pneumophila. This confirmed case established a documented pattern of recurring contamination in the Autry water system spanning multiple years.

15. In October 2022, the Georgia Department of Corrections and the Georgia Department of Public Health jointly and publicly announced that an Autry State Prison inmate had tested positive for Legionella. This public announcement -- made sixteen months after the June 2021 positive test -- confirmed institutional awareness of the contamination and constituted an official governmental admission that the Autry water supply posed a serious health risk to the incarcerated population.

### B.   The October 22, 2022 Denial of Diagnosis

16. On or about October 22, 2022, Plaintiff Jarvis Ware submitted a sick call request at Autry State Prison. Plaintiff presented to the Autry medical department with symptoms consistent with Legionella pneumophila infection -- including gastrointestinal distress, respiratory symptoms, and systemic illness -- and specifically requested diagnostic testing for Legionella disease.

17. Plaintiff's request for Legionella diagnostic testing was denied. The denial was made specifically and personally by **Dr. Mark Woods**, and was documented as being denied 'per Dr. Mark Woods.'

18. On the same date, fellow prisoner Mario Romoan Sullivan (GDC #965797) submitted an identical sick call request at Autry State Prison, presenting with Legionella-consistent symptoms and requesting Legionella diagnostic testing. Sullivan's request was also denied 'per Dr. Mark

- 7 -

Woods.' This concurrent denial of testing to two prisoners with matching symptoms at a facility with confirmed Legionella demonstrates that the denial was a deliberate institutional decision, not an individual medical judgment.

## C.   The Central Office Cover-Up -- Documented Written Misrepresentation

19. Plaintiff Ware and co-plaintiff Sullivan both filed formal grievances regarding the Autry water contamination and the denial of Legionella testing. Both exhausted the GDC administrative grievance process by appealing their grievances to the GDC Central Office in Forsyth, Georgia.

20. On **November 30, 2022**, the GDC Central Office issued a written Central Office Appeal Response to Plaintiff's Grievance No. 344829. The response was issued on official Georgia Department of Corrections letterhead bearing the official State of Georgia seal and the name of then-Commissioner **Timothy C. Ward**. It was signed by '(RK),' identified as Commissioner's Designee, SW Region, Office of Professional Standards, Forsyth, Georgia. Plaintiff acknowledged receipt of this response on December 1, 2022, witnessed by fellow prisoner Jeffrey E. Moss (GDC #1001716957). Co-plaintiff Mario R. Sullivan received an identical Central Office denial response at or about the same time.

21. The response stated: **'Our inquiry revealed documentation from Georgia Department of Corrections that notes there is no outbreak of Legionella at the facility and all offenders have been kept informed. Submit a sick call request to medical for your medical needs.'**

22. The Central Office's written statement was **<u>false and known to be false</u>** at the time it was made. GDC had publicly confirmed the contamination in its own October 2022 announcement.

- 8 -

Then-Commissioner Ward's own designee, writing from GDC headquarters in the Commissioner's name, told a 76-year-old sick prisoner that no contamination existed -- thirty days after the Commissioner's own department had publicly confirmed it did. This misrepresentation was not an administrative error. It was a deliberate institutional decision to deny the existence of a documented public health crisis to the incarcerated men that the crisis was harming. This constitutes an independent act of deliberate indifference that prevented Plaintiff from understanding the scope of the constitutional violation against him and obstructed his access to remedies.

### D.   Transfer to Wilcox -- The Continuing Violation Crosses Facilities

23. In or around 2023, Autry State Prison was shut down. The closure of Autry was a direct consequence of the Legionella contamination that GDC had publicly confirmed but failed to remediate. The incarcerated population of Autry -- including Plaintiff Ware -- was transferred to Wilcox State Prison in Abbeville, Georgia.

24. **The Autry medical staff transferred with the inmate population.** Defendant Bradford, who had served as the Autry medical provider during the entire contamination period, was transferred to Wilcox and assumed the role of Wilcox medical provider for the same inmate population. At no point prior to or during this transfer were Plaintiff Ware or other Autry inmates tested for Legionella exposure or treated for any Legionella-related illness. The transfer was made without any remediation of the known health crisis that precipitated it.

### E.    Documented Contamination at Wilcox State Prison

25. On December 5, 2023, then-Warden Charles Mims issued a formal written notice to the Wilcox inmate population on official GDC letterhead titled 'RE: Increased Risk of Legionnaires' Disease,' formally acknowledging that one person at Wilcox had been diagnosed with Legionnaires' disease and that Legionella bacteria had been identified in the facility's water system.

26. On March 14, 2024 -- three months and nine days after the first notice -- Warden Mims issued a second identical notice. The issuance of a second notice three months after the first is a damning institutional admission: the contamination had not been remediated. Mario Sullivan was positively diagnosed and treated for the third time. The pathogen was still in the water. The State continued to house Plaintiff -- a 76-year-old man -- in those conditions.

27. Fellow prisoner Mario Romoan Sullivan, housed in the same building as Plaintiff Ware, contracted confirmed Legionella infections on four separate documented occasions: December 17, 2023; January 4, 2024; March 14, 2024; and July 23, 2024. Each infection is confirmed by pharmacy dispensing records from Correct Rx Pharmacy Services. Sullivan's documented infection history establishes with documentary precision that the contamination is not historical -- it is ongoing, unabated, and actively causing disease.

### F.    Plaintiff Ware's Hospitalization

28. Plaintiff Jarvis Augustus Ware was diagnosed with Legionella pneumophila bacterial infection and required hospitalization for approximately three days, during which he experienced severe gastrointestinal distress, respiratory complications, and systemic illness. His

hospitalization resulted directly from exposure to the contaminated water supply at Wilcox State Prison.

29. Plaintiff has suffered a recurrence of infection after continued exposure to the contaminated water. He remains housed at Wilcox State Prison, continues to be exposed to the contaminated water, and faces ongoing imminent danger of further infection. For a 76-year-old man who has already contracted Legionella, the risk of a fatal recurrence is not speculative -- it is what the CDC identifies as the predictable outcome of continued exposure in the highest-risk age group.

## G.   Additional Evidence of Deliberate Institutional Indifference

30. GDC staff at Wilcox State Prison were reportedly provided bottled water and instructed not to drink from the tap. Incarcerated persons were given no equivalent protection. The State protected its employees from the contamination while knowingly continuing to expose the people in its custody -- including a 76-year-old man -- to the same pathogen.

31. The communal shower facilities in D Building exhibit visible black mold on ceilings and surrounding structures. The State's own official notices identified shower mist as a primary route of Legionella transmission. The presence of visible mold in the shower facilities confirms that the environmental conditions enabling bacterial colonization remain entirely unabated.

32. When incarcerated persons filed grievances and legal claims about the contamination, Defendant Thomas -- as Warden -- retaliated against Dorm D3 by authorizing the withholding of incentive meals and holiday packages without individualized disciplinary findings, hearings, or legitimate penological justification.

33. A medical staff member at Wilcox State Prison fabricated a sworn affidavit inserted into fellow prisoner Sullivan's medical file falsely claiming Sullivan was 'straining to make the test show false results.' Sullivan needed emergency surgery shortly after. This fabricated document demonstrates a documented pattern of institutional misconduct designed to conceal the consequences of the contamination.

## IV.   IMMINENT DANGER -- 28 U.S.C. § 1915(g)

34. Plaintiff acknowledges prior federal case dismissals. Under 28 U.S.C. § 1915(g), the three-strikes rule does not bar this action because Plaintiff demonstrates imminent danger of serious physical injury at the time this amended complaint is filed. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The imminent danger is established by: (a) two official written GDC admissions of Legionella contamination at Wilcox; (b) Plaintiff's own Legionella hospitalization; (c) four confirmed infections in a fellow prisoner housed in the same building; (d) Plaintiff's age of 76 -- the highest-risk mortality category identified in GDC's own notices; and (e) Plaintiff's continued daily exposure to the contaminated water. The imminent danger exception unambiguously applies.

## V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

35. Plaintiff has exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff filed formal grievances at both Autry State Prison and Wilcox State Prison regarding Legionella contamination and denial of medical treatment. Plaintiff appealed Grievance No. 344829 to the GDC Central Office, which denied the appeal on November 30, 2022 with the false statement that no contamination existed. Plaintiff has filed additional

- 12 -

grievances at Wilcox regarding the ongoing contamination. The GDC grievance process has been fully utilized and has failed to provide any remediation.

## VI.   CONSTITUTIONAL CLAIMS FOR RELIEF

**COUNT ONE**

**Eighth Amendment -- Deliberate Indifference to Health and Safety (Wilcox)**

**42 U.S.C. § 1983 -- Against All Defendants in Official Capacities (Injunctive Relief)**

**Against Defendants Thomas, Bradford, and Lewis in Individual Capacities (Damages)**

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. The Eighth Amendment prohibits prison officials from exposing inmates to conditions of confinement that pose a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Defendants possessed actual, written, documented knowledge of Legionella contamination at Wilcox State Prison as early as December 5, 2023, confirmed in official written notices. Despite this knowledge, Defendants failed to evacuate the facility, provide safe drinking water, shut down the contaminated water system, or conduct comprehensive medical screening of exposed persons -- including Plaintiff, a 76-year-old man in the highest-risk category for fatal outcomes.

38. Defendant Bradford, as the Wilcox medical provider who transferred from Autry with the inmate population, treated fellow prisoner Sullivan for four Legionella infections while failing to screen other high-risk prisoners -- including Plaintiff -- or address the environmental source of contamination. His failure to act despite knowledge of Plaintiff's age and the confirmed ongoing

contamination constitutes deliberate indifference. *Wade v. McDade*, 106 F.4th 1251, 1255-56 (11th Cir. 2024) (en banc).

## COUNT TWO

**Eighth Amendment -- Continuing Violation: Autry to Wilcox**

**42 U.S.C. § 1983 -- Against Defendants Bradford, Woods, and Ward in Individual Capacities (Damages)**

**Against Defendants Oliver and Lewis in Official Capacities (Injunctive Relief)**

39. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

40. The constitutional violation at issue is a **single continuing violation** -- an unbroken pattern of GDC's deliberate indifference to Legionella contamination across Autry and Wilcox State Prisons -- that began with the concealment of the 2018 Autry hospitalization, continued through the denial of Plaintiff's October 2022 diagnostic request, continued through former Commissioner Ward's Central Office's false denial letter of November 30, 2022, continued through the unscreened transfer of the Autry population to Wilcox, and culminated in Plaintiff's hospitalization. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).

41. Defendant Bradford's role in this continuing violation is direct: he served as the Autry medical provider during the contamination, transferred to Wilcox with the inmate population he had failed to diagnose or treat, and continued as their medical provider at Wilcox. His deliberate indifference did not end at the Autry gate -- it followed the inmates through the transfer.

- 14 -

42. Defendant Woods personally denied Plaintiff's October 22, 2022 request for Legionella diagnostic testing at Autry -- the specific act that left Plaintiff undiagnosed, untreated, and vulnerable to the hospitalization that followed. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

43. Former Commissioner Ward bears supervisory liability for the continuing violation. His Central Office, acting in his name and on his letterhead, issued a false denial of the contamination on November 30, 2022 -- one month after GDC's own public announcement confirmed it. This institutional lie prevented Plaintiff from obtaining diagnosis, treatment, or legal remedy during the most critical window of exposure.

## COUNT THREE

**First Amendment -- Retaliation for Protected Petition Activity**

**42 U.S.C. § 1983 -- Against Defendant Thomas in His Individual Capacity (Damages)**

44. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

45. Plaintiff engaged in constitutionally protected activity by filing grievances and participating in legal proceedings regarding the unconstitutional contamination at Wilcox State Prison. Defendant Thomas authorized the retaliatory withholding of incentive meals and holiday packages from Dorm D3 without individualized disciplinary findings, without hearings, and without legitimate penological justification, in direct response to incarcerated persons' protected complaints. This retaliation would deter a person of ordinary firmness from exercising constitutional rights. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005).

## COUNT FOUR

**Eighth Amendment and First Amendment -- Institutional Cover-Up**

**42 U.S.C. § 1983 -- Against Former Commissioner Ward and John/Jane Does**

46. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

47. On November 30, 2022, then-Commissioner Ward's designated representative signed and issued Grievance Appeal Response No. 344829, falsely stating to Plaintiff that there was no Legionella outbreak at Autry State Prison -- thirty days after GDC's own public announcement confirmed the outbreak. This deliberate institutional lie: (a) deprived Plaintiff of the ability to take protective measures; (b) obstructed Plaintiff's access to courts by providing a false factual basis for the denial of administrative remedies; and (c) furthered the institutional cover-up that allowed the contamination to progress to Plaintiff's hospitalization. These actions constitute deliberate indifference and denial of access to courts under the First and Eighth Amendments. Former Commissioner Ward bears supervisory responsibility for this cover-up conducted in his name.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jarvis Augustus Ware respectfully prays that this Court:

A.  **Temporary Restraining Order and Preliminary Injunction:** Order Defendants to immediately provide Plaintiff with safe, uncontaminated drinking water; conduct comprehensive Legionella testing of Plaintiff and all similarly-situated Wilcox inmates; provide appropriate medical treatment to all inmates testing positive; and remediate the contaminated water supply;

- 16 -

**B.   Compensatory Damages:** Award compensatory damages for Plaintiff's physical injuries, pain and suffering, emotional distress, and the cost of medical treatment resulting from Defendants' constitutional violations;

**C.   Punitive Damages:** Award punitive damages against individual Defendants acting with deliberate indifference and reckless disregard for Plaintiff's constitutional rights;

**D.   Declaratory Relief:** Declare that Defendants' conduct violates the Eighth and First Amendments to the United States Constitution;

**E.   Costs and Fees:** Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, to the extent applicable;

**F.   Further Relief:** Grant any such other and further relief as this Court may deem just and necessary to protect Plaintiff from continued constitutional harm.


## VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY

I, Jarvis Augustus Ware, being duly sworn, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief. I am 76 years of age. I have personally experienced severe illness and hospitalization at Wilcox State Prison as a direct result of Legionella bacterial infection. I was denied diagnostic testing for this disease at Autry State Prison by Dr. Mark Woods in October 2022. The GDC Central Office -- under Commissioner Ward's own name and on his official letterhead -- lied to me in writing, telling me there was no contamination after GDC had publicly confirmed there

was. I continue to be exposed to contaminated water at Wilcox State Prison every day. I fear for my life. I respectfully petition this Court to intervene before that fear becomes a reality.

Respectfully submitted this 3rd day of May, 2026.

/s/ *[signature]*

JARVIS AUGUSTUS WARE, Pro Se
GDC No. 423117
Wilcox State Prison
P.O. Box 397
Abbeville, Georgia 31001

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

## CERTIFICATE OF SERVICE

I, Jarvis Augustus Ware, hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on this 3rd day of May, 2026, I deposited a true and correct copy of the foregoing *First Amended Civil Rights Complaint* in the United States mail, first-class postage prepaid, addressed to:

**Clerk of Court**
United States District Court
Middle District of Georgia, Macon Division
475 Mulberry Street
Macon, Georgia 31201

/s/ *[signature]*

JARVIS AUGUSTUS WARE, Pro Se
GDC No. 423117

- 18 -